UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEQUANA WHITE,

                                              Plaintiff,

                                                                                              DECISION AND ORDER

      -vs-

                                                                                               14-CV-6100L

JEREMY CLEMENT,

                                              Defendant.
_____

Plaintiff, Dequana White, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that defendants violated his rights under the United States Constitution in a number of respects.

On July 22, 2015, the Court issued a Decision and Order, 116 F.Supp.3d 183, granting summary judgment in favor of five of the six defendants, and dismissing plaintiff's claims against those five defendants. In doing so, I noted that plaintiff had not responded to defendants' motion for summary judgment. *Id.* at 185.

The Court denied the motion as to one defendant, Jeremy Clement. The Court found that despite plaintiff's failure to respond to the motion, defendants had not, at that point, demonstrated Clement's entitlement to judgment as a matter of law. *Id.* at 187.

The Court added, however, that this result was "[b]ased on the record before me, ... drawing all reasonable inferences in favor of plaintiff." *Id.* at 189. I added, "That is not to say that the Court finds plaintiff's allegations against Clement credible, or that his claims against Clement have merit." *Id.* Rather, the Court left open the possibility that on a more complete

record, or a better-supported motion, Clement might be entitled to judgment as a matter of law.

Clement has now filed a second motion for summary judgment, with additional supporting evidence. As before, plaintiff has failed to respond.

Clement's motion is granted. The Court will not recite here again the consequences of a plaintiff's failure to respond to a summary judgment motion, which were set forth in my July 2015 decision, *see id.* at 185-86. I note, however, that plaintiff was again apprised of those consequences, both in Clement's motion itself and in the Court's scheduling order, *see* Dkt. #24-2, 25. I also note that the DOCCS Inmate Lookup Service, http://nysdoccslookup.doccs.ny.gov, indicates that plaintiff is currently being held at Southport Correctional Facility, which is the mailing address listed on the docket sheet for this case.

Based on the materials submitted by Clement in support of his motion, which include his own declaration, a statement of undisputed facts, and supporting exhibits, I find that Clement is entitled to judgment as a matter of law. With respect to plaintiff's Eighth Amendment claim, the record reflects that Clement did address and document plaintiff's medical complaints. Since plaintiff has not rebutted Clement's allegations in that regard, the Court may accept them as true. *See Crenshaw v. Syed*, 686 F.Supp.2d 234, 235-36 (W.D.N.Y. 2010). Having done so, I conclude that at most, plaintiff has shown no more than his subjective dissatisfaction with the care that he received from Clement. That is not enough to support an Eighth Amendment claim. *See Lawrence v. Evans*, 136 F.Supp.3d 486, 490 (W.D.N.Y.), *appeal filed*, 15-3286 (2d Cir. Oct. 16, 2015).

I also find that Clement is entitled to summary judgment on plaintiff's First Amendment retaliation claim. Again, the evidence before me, including Clement's own account of the relevant events, stands unrebutted that Clement did document plaintiff's complaints. There is no

showing that Clement did anything improper in the first place. To the extent that plaintiff may not have been satisfied with Clement's treatment of him, there is also no indication that Clement acted out of retaliatory motives. Absent such a showing, there is no basis here for a First Amendment claim. *See White*, 116 F.Supp.3d at 187-88, and cases cited therein.

Under well established law, a plaintiff faced with a well-supported motion for summary judgment cannot simply rest on the allegations in his complaint; "he must come forward with 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" *Houston v. Zen Zen*, 388 F.Supp.2d 172, 175 (W.D.N.Y. 2005) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986)). Plaintiff has failed to do so, and by all appearances has lost interest in prosecuting this action. Clement's motion is therefore granted.

## CONCLUSION

The motion for summary judgment filed by defendant Jeremy Clement (Dkt. #24) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 5, 2016.